UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAMELA F.,

      Plaintiff,

 v.

ANDREW M. SAUL,
Commissioner of Social Security,

      Defendant.

CASE NO. C19-1123-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

   Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

   Plaintiff was born on XXXX, 1968.[1] She has a GED and past relevant work experience as an aide, nurse assistant, and hospital admitting clerk. (AR 24, 41.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

Plaintiff protectively filed DIB and SSI applications on March 17, 2016, alleging disability beginning January 21, 2016. The application was denied at the initial level and on reconsideration. On March 7, 2018, ALJ Ilene Sloan held a video hearing, taking testimony from plaintiff, a lay witness, and a vocational expert (VE). (AR 33-67.) On August 1, 2018, the ALJ found plaintiff not disabled. (AR 15-26.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on June 7, 2019 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe plaintiff's major depressive disorder; anxiety disorder, not otherwise specified; mild post-concussive syndrome; status-post right wrist fracture; and status-post left ankle fracture. The ALJ found plaintiff's DeQuervain's tenosynovitis with surgical repair not severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

ORDER
PAGE - 2

demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with some additional limitations. Plaintiff can frequently climb ramps and stairs and occasionally climb ladders, ropes, or scaffolds. She can frequently balance and occasionally stoop, kneel, crouch, and crawl. Plaintiff must avoid concentrated exposure to extreme cold, vibrations, odors, dusts, fumes, gases, poor ventilation, and hazards such as moving machinery and heights. She can understand, remember, and carry out simple routine tasks. She can work in very quiet, quiet, and moderate noise intensity levels as defined by the Selected Characteristics of Occupations (SCO) and Dictionary of Occupational Titles (DOT). Plaintiff can tolerate occasional, brief, and superficial contact with the general public. With those limitations, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other work, such as production assembler, merchandise marker, and inspector/hand packager. Therefore, the ALJ found plaintiff not disabled.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v.*

*Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in considering her subjective symptom testimony, in failing to fully develop the record, and providing germane reasons for rejecting the testimony of a lay witness.  The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

<u>Duty to Develop the Record</u>

An ALJ has a "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered."  *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (duty "exists even when the claimant is represented by counsel.") (cited sources omitted).  That duty includes development of relevant medical history.  20 C.F.R. §§ 404.1512(d), 416.912(d). However, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."  *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).  In addition, a claimant also bears an obligation to "furnish medical and other evidence[.]" 20 C.F.R. §§ 404.1512(a), (c), 416.912(a), (c).

In this case, plaintiff's counsel sought to enter additional medical documents into the record on the day of the hearing.  Counsel indicated the records consisted of a letter from plaintiff's mental health counselor and a report from a neurologist and represented he had just obtained the records that day.  (AR 37).  The ALJ asked plaintiff to explain the good cause basis for admitting the records, and plaintiff's counsel replied the records were very recent and had just been recently obtained.  The ALJ indicated he would take the matter under advisement.  (AR 38.)

In the decision (AR 15), the ALJ declined to admit the evidence because the regulatory

requirements for late admission of records had not been met, citing 20 C.F.R. §§ 404.935(b) and 416.1435(b). These regulations provide in pertinent part: "Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 404.1512, no later than 5 business days before the date of the scheduled hearing." *Id*. The regulations further state the ALJ may decline to consider or obtain the evidence, except that the ALJ will accept the evidence if he or she has not yet issued a decision and the evidence was not submitted because: "You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." §§ 404.935(b)(iv), 416.1435(b)(iv).

Plaintiff's counsel represented that the reports were recent and had just been received. At the hearing, the ALJ did not inquire further of counsel, did not ask for more specificity about the timing of the receipt of the records, did not ask for further information about the content of the records, and did not indicate whether the evidence would be admitted. (AR 38.) The reports in question are dated February 18, 2018 and February 21, 2018, respectively. (*See* Dkt. 15.) The representation of plaintiff's counsel that he had just received these reports at the time of the hearing is uncontradicted and, thus, no evidence contradicts counsel's assertion the evidence was diligently sought as required by §§ 404.935(b)(iv), 416.1435(b)(iv). Accordingly, the ALJ erred in declining to accept the reports into the record.

As a general principle, an ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*. Plaintiff argues the failure to admit the records was harmful error in that the information contained in the records corroborated

plaintiff's report of ongoing cognitive problems and pertained to her ability to maintain work. (Dkt. 10 at 15.) Based on a review of the excluded evidence, it cannot be said the records were inconsequential to the ultimate disability determination. The reports were very recent and from treating medical sources who were familiar with plaintiff's symptoms and limitations. This matter should be remanded to allow the ALJ to consider the evidence.

## Consideration of Plaintiff's Testimony

The rejection of a claimant's subjective symptom testimony[2] requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); Social Securing Ruling (SSR) 16-3p.

Plaintiff contends the ALJ failed to provide clear and convincing reasons for rejecting her testimony about her subjective symptoms. With regard to plaintiff's physical impairments, plaintiff testified she could only lift up to two pounds with her right wrist, could not walk more than a block, and could only stand for a short time. (AR 45-46.) The ALJ did not credit these limitations, finding "[t]he medical evidence does not substantiate the claimant's allegations of

---

[2] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. Social Security Ruling 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 6

disabling limitations." (AR 21.) The ALJ noted plaintiff's functioning had "improved significantly", citing full right wrist range of motion with no pain, intact motor functioning, intact motor strength in "all muscle groups tested", normal ability to stand on toes and heels, and normal gait and station. (AR 21-22.) The ALJ found plaintiff's "ability to ambulate has recovered". (*Id.*)

Plaintiff argues the record does not support the conclusion her physical functioning sufficiently improved after her accident to permit her to stand, walk, reach, handle and finger to the extent required by light work. The Court agrees. While plaintiff's chart notes reflect her physical symptoms as recorded by her treating doctors, the record is devoid of any competent medical opinion evidence putting plaintiff's physical findings into the context of specific functional capacities. The record finding of "improvement" is, at most, a relative finding, comparing plaintiff's status at the time of an acute injury to her response to treatment over the course of recovery. The ALJ's reasons for disregarding plaintiff's testimony about her physical capabilities does not stand up under scrutiny.

Likewise, the Court finds inadequate support in the record for the ALJ's consideration of plaintiff's testimony about the severity of her cognitive deficits. Citing inconsistencies in the medical records as the reason for disregarding plaintiff's testimony (AR 22), the ALJ relies on findings such as "flat affect but no significant abnormalities" in an April 2016 treatment note (AR 658), and evaluations in June 2016 showing attention within normal limits, slowed processing speed, some cognitive communication deficits, and an ability to complete work-related processing tasks with 100 percent accuracy (AR 725, 727). As the ALJ acknowledges, some of the examination findings were within normal limits and some showed deficits. (AR 22 ("An examination in December 2016 [showed] moderate to severe deficits of memory, attention, and language, as well as impaired executive functioning but 'remarkable improvement' since the

ORDER
PAGE - 7

accident and good rehabilitation potential").) The ALJ points to plaintiff's "improvement" in several areas without providing an adequate measure for evaluating plaintiff's testimony. Without the support of a competent medical source, the ALJ's conclusion "[t]hese findings demonstrated functional abilities that exceed the limitations the claimant alleges" (*id.*) appears arbitrary. Furthermore, the deficits exhibited by plaintiff in these examinations, such as slow processing speed, a need for multiple repetitions of verbal instructions, visible/audible searching (AR 712) and restricted short-term memory (AR 725), seem to corroborate, rather than contradict plaintiff's assertions. Other contemporaneous records acknowledged by the ALJ show plaintiff's speech as hesitant and stuttering (AR 695), "moderate to severe deficits in immediate and delayed memory, attention and language", impaired executive functioning, the requirement of assistance of others for higher-level activities of daily living (AR 745), and difficulty finding words (AR 850). Plaintiff's treating physician, Ione S. Adams, MD, and examining neurologist, John Jefferson, MD, observed similar deficits. (AR 756-58, 765-69.)

The ALJ also noted plaintiff's testing as indicating "questionable effort and suggests that her functioning is not as limited as she alleges" (AR 22), but fails to fully discuss the opinions of the evaluators who administered the tests. Angela Tindall, Ph.D., administered the June 2016 neuropsychological test, which showed poor attention, slow speed of processing, diminished visual memory, and diminished unstructured verbal memory, depression, and low self-esteem. (AR 698-709.) Dr. Tindall noted "indications of questionable effort on some tasks which may be related to depression and disability focus." (AR 706). The ALJ failed to explain the weight given to Dr. Tindall's interpretation of the test results. Michelle S. Kim, Ph.D., conducted the August 2017 neuropsychological evaluation (AR 773-77), reporting plaintiff's "attention during the current evaluation appeared to wax and wane, as evidenced by her poor performances on several measures

of performance validity." (AR 776.) Dr. Kim stated plaintiff's "current test results are not considered to be a reliable measure of her current cognitive abilities." (AR 775.) She added, however: "This is not to say [plaintiff] does not have issues in cognitive functioning, but rather that the current results are not valid and likely underestimate her abilities." (*Id.*) While the August 2017 neuropsychological test could not serve as a measure of plaintiff's cognitive abilities, it likewise was insufficient to constitute a clear and convincing reason supporting the ALJ's disregard of plaintiff's report of cognitive difficulties. On remand, the ALJ should reconsider the weight given to plaintiff's subjective symptom testimony.

## Lay Witness Testimony

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). *But see Molina*, 674 F.3d at 1115-22 (describing how the failure to address lay testimony may be harmless). The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).

Plaintiff's sister, Penny Marquart, testified at the hearing, describing the assistance she provided after plaintiff was injured in the automobile accident, and plaintiff's resulting difficulties. At the time of the hearing, plaintiff was still residing with her sister. (AR 52-58.) The ALJ considered this testimony but assigned Ms. Marquart's observations "little weight for the same reasons I determined that the claimant's statements regarding the severity of her symptoms are not consistent with the evidence." (AR 24.) This was a germane reason. *Molina*, 674 F.3d at 1114 (where an ALJ provides germane reasons for rejecting the testimony of one witness, the ALJ need only point to those reasons upon rejecting similar testimony offered by a different witness) (citing

ORDER
PAGE - 9

*Valentine v. Comm'r SSA*, 574 F.3d 685, 694 (9th Cir. 2009)). However, because the matter is being remanded for reconsideration of plaintiff's subjective symptom testimony, the ALJ should also reconsider the testimony of Ms. Marquart on remand.

## **CONCLUSION**

For the reasons set forth above, this matter is REMANDED for further administrative proceedings.

DATED this 25th day of March, 2020.

Mary Alice Theiler
United States Magistrate Judge